FILED
United States Court of Appeals
Tenth Circuit

April 13, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KARIN CHRISTINE BREMER,

Plaintiff - Appellant,

v.

ASSOCIATION OF FLIGHT
ATTENDANTS - CWA, a labor
organization; UNITED AIRLINES, INC.,
a wholly owned subsidiary of a Delaware
corporation,

Defendants - Appellees.

No. 14-1346
(D.C. No. 1:11-CV-02764-WJM-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Karin Christine Bremer, proceeding pro se, appeals from the dismissal of her

complaint against the Association of Flight Attendants ("AFA") and United Airlines

("United"). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Bremer was employed by United as a flight attendant from January 2006 to April 2007. United terminated her employment when it discovered she had submitted false information on a pre-employment medical questionnaire. Ms. Bremer appealed the discharge decision through the grievance procedures set out in the collective bargaining agreement ("CBA"). The United Air Lines Flight Attendant System Board of Adjustment ("System Board") held hearings on Ms. Bremer's appeal and ultimately affirmed her termination in April 2011.

In October 2011, Ms. Bremer filed the underlying complaint, alleging that the AFA had breached its duty to fairly represent her in the discharge proceedings, and that United had breached the CBA by terminating her without cause. After giving Ms. Bremer an opportunity to amend her complaint, the district court dismissed her claim against United for lack of jurisdiction. The court determined that her claim involved a minor dispute that was preempted by the Railway Labor Act, and that she had failed to allege facts showing collusion between United and the AFA so as to fall within the exception allowing jurisdiction over hybrid claims.

The district court also granted AFA's motion to strike Ms. Bremer's complaint against it for failing to comply with the pleading requirements in Rules 8 and 10 of the Federal Rules of Civil Procedure. The court directed Ms. Bremer to file a second amended complaint solely against AFA. Ms. Bremer never filed an amended pleading as ordered by the court. AFA then moved to dismiss the action pursuant to Fed. R. Civ. P. 41(b) for Ms. Bremer's willful failure to comply with the court's

orders providing her an opportunity to file an amended complaint. The district court granted AFA's motion to dismiss. This appeal followed.

In her opening brief, Ms. Bremer does not articulate how the district court erred in dismissing her claim against United for lack of jurisdiction. Nor does she explain how the district court abused its discretion in dismissing her claim against AFA pursuant to Fed. R. Civ. P. 41(b). By failing to argue any error related to the district court's stated basis for dismissing her claims, Ms. Bremer has waived any such argument. *See SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009) ("An issue or argument insufficiently raised in a party's opening brief is deemed waived.").

Instead of addressing the district court's reasons for dismissing her claims, Ms. Bremer argues that she was denied due process during her System Board hearings, and that her case should be reopened in front of the System Board. But Ms. Bremer never alleged any claims in her complaint or amended complaint seeking review of the System Board decision. In reviewing a district court's decision on a motion to dismiss, we "are limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). We therefore decline to consider Ms. Bremer's new arguments related to claims that she did not allege in her complaint or amended complaint.

The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge